**FILED**
CLERK, U.S. DISTRICT COURT

09/13/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>CHRISTOPHER MARTIN SANCHEZ,<br>  aka "Chi Chi," and<br>STEPHANIE MICHELLE CRUZ,<br><br>       Defendants. | ED CR No. 5:23-cr-00180-FMO<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(B)(vi): Distribution of Fentanyl Resulting in Death and Possession with Intent to Distribute Fentanyl and Heroin; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.    OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about January 1, 2021, and continuing until at least on or about March 11, 2022, in San Bernardino County, within the Central District of California, and elsewhere, defendants CHRISTOPHER MARTIN SANCHEZ, also known as "Chi Chi," and STEPHANIE MICHELLE CRUZ conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute, and possess with intent to distribute, fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
      ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.    Defendant SANCHEZ would arrange for the sale of counterfeit pills containing fentanyl to buyers.

2.    Defendant SANCHEZ would negotiate a price and quantity for the sale of counterfeit pills with buyers.

3.    Defendant SANCHEZ would meet with the buyers to deliver counterfeit pills, or defendant SANCHEZ would direct CRUZ to meet with buyers to deliver counterfeit oxycodone M30 pills.

4.    Defendants SANCHEZ and CRUZ would and accept payment from buyers for the sale of counterfeit oxycodone M30 pills.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants SANCHEZ and CRUZ, and others known and unknown to the Grand Jury, committed various overt acts in San Bernardino County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On March 22, 2021, defendant SANCHEZ agreed to sell approximately 130 counterfeit pills to Buyer 1.

Overt Act No. 2:   On March 22, 2021, defendant SANCHEZ directed Buyer 1 to go to defendant SANCHEZ's residence on Cottonwood Avenue in Hesperia, California to pick up Buyer 1's order of approximately 130 counterfeit pills.

Overt Act No. 3:   On March 22, 2021, defendant CRUZ provided Buyer 1 with approximately 130 counterfeit pills at the Cottonwood Avenue residence, and defendant CRUZ accepted payment for those pills from Buyer 1.

Overt Act No. 4:   On April 9, 2021, defendant SANCHEZ agreed to sell approximately 55 counterfeit pills that contained fentanyl to Buyer 1.

Overt Act No. 5:   On April 9, 2021, defendant SANCHEZ agreed with Buyer 1 to sell Buyer 1 approximately 55 counterfeit pills that contained fentanyl at a stop sign near defendant SANCHEZ's residence on Cottonwood Avenue in Hesperia, California.

Overt Act No. 6:   On April 9, 2021, defendant CRUZ delivered the order of approximately 55 counterfeit pills that contained fentanyl to Buyer 1 in exchange for payment of $250.

3

Overt Act No. 7:   On January 22, 2022, defendants SANCHEZ and CRUZ possessed counterfeit pills, heroin, small plastic baggies, and two digital scales at defendant SANCHEZ's residence on Cottonwood Avenue in Hesperia, California.

Overt Act No. 8:   On January 22, 2022, defendant SANCHEZ carried a firearm, namely, a loaded North American Arms Guardian, .32 caliber semi-automatic handgun, bearing serial number AB1226, with the intent of promoting and facilitating drug distribution.

Overt Act No. 9:   On March 11, 2022, defendants SANCHEZ and CRUZ possessed with intent to distribute approximately 130 counterfeit pills that contained fentanyl.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 9, 2021, in San Bernardino County, within the Central District of California, defendants CHRISTOPHER MARTIN SANCHEZ, also known as "Chi Chi," and STEPHANIE MICHELLE CRUZ, each aiding and abetting the other, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of R.L. on or about April 10, 2021.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[ALL DEFENDANTS]

On or about January 22, 2022, in San Bernardino County, within the Central District of California, defendants CHRISTOPHER MARTIN SANCHEZ, also known as "Chi Chi," and STEPHANIE MICHELLE CRUZ, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT SANCHEZ]

On or about January 22, 2022, in San Bernardino County, within the Central District of California, defendant CHRISTOPHER MARTIN SANCHEZ, also known as "Chi Chi," knowingly carried a firearm, namely, a loaded North American Arms Guardian, .32 caliber semi-automatic handgun, bearing serial number AB1226, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

7

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[ALL DEFENDANTS]

On or about March 11, 2022, in San Bernardino County, within the Central District of California, defendants CHRISTOPHER MARTIN SANCHEZ, also known as "Chi Chi," and STEPHANIE MICHELLE CRUZ, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute fentanyl, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT SANCHEZ]

On or about October 31, 2022, in San Bernardino County, within the Central District of California, defendant CHRISTOPHER MARTIN SANCHEZ, also known as "Chi Chi," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 326.9 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-[phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

.

9

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One through Three, Five or Six of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

10

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in the offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

12

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office